FILED'10 SEP 15 16:54 USDC-ORP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DAN BRINKMAN,

      Plaintiff,

                                   CV 10-468-PK

                                   OPINION AND
v.                                   ORDER


DEMOCRATIC NATIONAL COMMITTEE,
REPUBLICAN NATIONAL COMMITTEE,
NATIONAL GOVERNORS ASSOCIATION,
U.S. DEPARTMENT OF JUSTICE, AMERICAN
LEGION, INTERNAL REVENUE SERVICE, and
MAYO CLINIC,

      Defendants.

MOSMAN, District Judge:

Plaintiff *pro se* Dan Brinkman filed this action against the defendants Democratic

National Committee, Republican National Committee, National Governors Association, U.S.

Department of Justice, American Legion, Internal Revenue Service, and Mayo Clinic on April

23, 2010. Brinkman expressly specifies that he seeks no money damages against any of the

defendants, and he does not allege that any defendant violated any state or federal law. Instead,

Brinkman seeks the court's assistance in compelling the defendants to negotiate an agreement to

put into effect Brinkman's proposal for a "Veterans National Contribution System" to provide

Page 1 - OPINION AND ORDER

financial and other support for veterans, not because this result is compelled by existing law, but because, Brinkman asserts, it would be a good idea to do so and veterans "deserve" such support. For the reasons set forth below, the court lacks subject-matter to adjudicate the issues raised by Brinkman's complaint. I therefore dismiss this action *sua sponte* pursuant to Federal Civil Procedure Rule 12(h)(3).

ANALYSIS

The federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005), *citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As such, the courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also, e.g., Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction"). A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *See, e.g., Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996).

Here, no justiciable case or controversy exists, as Brinkman effectively concedes. Brinkman does not seek any finding of liability against any defendant, and at least tacitly

Page 2 - OPINION AND ORDER

acknowledges that he has no entitlement to "relief" he seeks, arguing only that it would be a good idea and that the court is in a position to compel the defendants to consider it. In the absence of any justiciable case or controversy, the court lacks subject-matter jurisdiction over Brinkman's action. Brinkman's action is therefore dismissed with prejudice pursuant to Rule 12(h)(3).

### CONCLUSION

For the reasons set forth above, this action is dismissed with prejudice for lack of subject-matter jurisdiction. A final judgment will be prepared.

Dated this 15th day of September, 2010.

Honorable Michael Mosman
United States District Judge

Page 3 - OPINION AND ORDER